UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                        Chapter 7

Norman Thilman,

                                        Case No. 12-75157-las

        Debtor.
---------------------------------------------------------x
Marc A. Pergament, Chapter 7 Trustee
of the Estate of Norman Thilman,

                                        Adv. Pro. No. 13-08172-las

        Plaintiff,

        -against-

Norman Thilman,
        Defendant.
---------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

### I.    Introduction

On October 22, 2013, plaintiff Marc A. Pergament ("plaintiff") filed this action against the debtor, Norman Thilman ("defendant"), to revoke his discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A). Under 11 U.S.C. § 727(a)(6)(A), as incorporated by 11 U.S.C. § 727(d)(3), a debtor's discharge shall be revoked if the debtor refuses to obey a lawful order of the court, except an order to respond to a material question or to testify. *See* 11 U.S.C. § 727(a)(6)(A). In his complaint, plaintiff asserts that defendant refused to obey the order of this Court, dated August 6, 2013, directing him to produce certain documents and appear for an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). It is this conduct, plaintiff contends, which calls for revocation of the discharge previously granted to defendant.

Now pending before the Court is plaintiff's unopposed motion dated September 8, 2015 for sanctions against defendant under Rule 37(b)(2) of the Federal Rules of Civil

1

Procedure[1] ("Fed. R. Civ. P.") based on his failure to obey this Court's orders dated December 23, 2014 and July 9, 2015 directing him to produce certain documents and appear for a deposition ("Motion").  [Dkt. No. 40].  Defendant did not file a response to the Motion and did not appear at the hearing on this matter, which was held on November 12, 2015.  Having considered the arguments presented by plaintiff, the relevant law, and the record in this case, and for the reasons set forth below, the Motion for terminating sanctions is granted, and judgment shall be entered by the Court revoking defendant's discharge.

**II.       Jurisdiction**

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. Venue lies under 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). A bankruptcy judge may hear and finally decide any core proceeding.  28 U.S.C. § 157(b)(1). An action to revoke a debtor's discharge under 11 U.S.C. § 727(d)(3) "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge.  *Stern v. Marshall*, 131 S, Ct. 2594, 2618 (2011).  Accordingly final judgment is within the scope of the Court's jurisdictional and constitutional authority.

**III.      Background**

The factual background giving rise to the Motion was detailed in the Court's prior Memorandum Decision dated July 9, 2015 (the "July 9 Memorandum Decision") [Dkt. No.

---

[1] Fed. R. Civ. P. 37 is made applicable to this adversary proceeding by Bankruptcy Rule 7037.

34], familiarity with which is assumed. Accordingly, the Court recounts below only those facts pertinent to the resolution of the Motion.

Defendant received a discharge under 11 U.S.C. § 727 on February 1, 2013. On July 9, 2013, plaintiff filed a motion pursuant to Bankruptcy Rule 2004 seeking an order (i) authorizing the examination of defendant and (ii) directing defendant to produce documents (the "Rule 2004 Motion"). Defendant did not file a response to the Rule 2004 Motion. After a hearing on notice to defendant and his bankruptcy counsel, Rocco & Rocco, P.C. ("Rocco"), an order was entered on August 6, 2013 granting the Rule 2004 Motion (the "Rule 2004 Order").

In accordance with the Rule 2004 Order, plaintiff issued a subpoena (the "2004 Subpoena") directing defendant to produce all requested documents by August 20, 2013 and to appear for an examination (the "Rule 2004 Examination") at his office on August 29, 2013. By letter dated August 27, 2013, Rocco advised plaintiff that defendant had relocated to New Port Richey, Florida. At the request of Rocco, the Rule 2004 Examination was adjourned to allow defendant additional time to search for responsive documents. Thereafter, plaintiff' sought to reschedule the Rule 2004 Examination. Receiving no response to his request for an adjourned date, plaintiff, by letter dated September 18, 2013, demanded that defendant appear for his Rule 2004 Examination on October 3, 2013. The letter warned that if defendant failed to respond to the 2004 Subpoena and appear at the Rule 2004 Examination, plaintiff would pursue all remedies available to him, including an action to revoke defendant's discharge.

By letter dated October 3, 2013 [Dkt. No. 6-4], Rocco informed plaintiff that defendant would not be coming to New York for the Rule 2004 Examination because he did not have sufficient funds to pay the associated travel costs or any of his creditors as he is on disability, and one half of his disability payment is subject to garnishment by his first wife

for back child support.  In addition, Rocco advised that "due to [defendant's] current financial situation in Florida, he is not concerned about having his discharge revoked." Rocco further advised that defendant notified him that his services were no longer needed. Thus, defendant did not produce any of the documents specified in the 2004 Subpoena and did not appear for his rescheduled Rule 2004 Examination.

On October 22, 2013, plaintiff commenced this adversary proceeding against defendant seeking to revoke his discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A) based on his failure to obey the Rule 2004 Order.  [Dkt. No. 1].  On March 18, 2014, defendant filed an answer to the complaint.  [Dkt. No. 14].

On April 7, 2014, defendant was served with plaintiff's First Request for Production of Documents and a Notice of Deposition for May 22, 2014.  Plaintiff requested documents relating to defendant's finances and the transfer (the "Transfer") of his interest in real property located in Manorville, New York to his second wife, Claudia Tracey.  The Transfer is the subject of a separate adversary proceeding before the Court commenced by plaintiff against defendant, Ms. Tracey and other third parties (the "Avoidance Action"). [Adv. Pro. No. 14-08126].

A pretrial conference was held in this matter on June 18, 2014, at which Rocco appeared on behalf of defendant and Nicholas Tuffarelli, Esq., appeared on behalf of plaintiff.  Thereafter, on June 19, 2014, the Court entered a scheduling order which, *inter alia,* set an October 17, 2014 deadline for the completion of all discovery.  [Dkt. No. 20]. Paragraph 16 of the scheduling order provided that the "[f]ailure to comply with this Scheduling Order may result in dismissal or other sanctions being imposed, as the circumstances warrant, in accordance with Fed. R. Civ. P. 16, made applicable to this adversary proceeding by Bankruptcy Rule 7016."

On October 23, 2014, Rocco filed a motion seeking to withdraw as defendant's counsel based, in part, upon "irreconcilable strategic differences." [Dkt. No. 25]. The next day, plaintiff filed and served upon Rocco and defendant at his Florida residence a motion seeking to strike defendant's answer ("<u>First Motion to Strike</u>") [Dkt. No. 26] due to defendant's refusal to respond to plaintiff's discovery request and to appear for his deposition. A hearing on Rocco's motion to withdraw as counsel and plaintiff's First Motion to Strike was held on November 13, 2014. Defendant did not oppose Rocco's motion to be relieved as counsel, nor did he appear at the hearing. At the conclusion of the hearing, the Court granted Rocco's motion to withdraw as counsel and directed all actions in this adversary proceeding, including the First Motion to Strike, be stayed for a period of 30 days to allow defendant time to retain substitute counsel. [Dkt. No. 27].

Defendant did not file opposition to the First Motion to Strike, nor did he appear at the adjourned hearing held on December 16, 2014. After careful consideration of the plaintiff's arguments and submissions in support of his motion for terminating sanctions under Fed. R. Civ. P 37(b)(2), the Court entered an order on December 23, 2014 (the "<u>December 23 Order</u>") [Dkt. No. 30] directing defendant to produce the documents requested by plaintiff in his First Request for the Production of Documents by January 20, 2015 and to appear for his deposition on January 27, 2015. The December 23 Order also warned defendant that "in the event that [defendant] fails to comply with the directions set forth [in the Order], the [plaintiff] may apply to the Court to strike [defendant's] [a]nswer and enter judgment revoking [defendant's] discharge and may seek other relief." Plaintiff served notice of entry of the December 23 Order upon defendant at his Florida residence and filed proof of service with the Court. [Dkt. No. 31].

Defendant did not comply with the December 23 Order. He did not appear for his January 27, 2015 deposition nor did he respond to plaintiff's outstanding document request.

On February 12, 2015, plaintiff filed and served upon defendant at his Florida residence a second motion for an order pursuant to Fed. R. Civ. P. 37(b)(2) striking defendant's answer and seeking entry of a default judgment revoking his discharge (the "Second Motion to Strike"). [Dkt. No. 33]. Defendant did not appear at the March 12, 2015 hearing on the Second Motion to Strike and did not file any opposition to the relief sought. At the conclusion of the hearing, the Court took the matter under advisement.

In the July 9 Memorandum Decision, the Court observed that defendant failed to retain substitute counsel, failed to respond to plaintiff's two motions for terminating sanctions, and has neither made himself available for a deposition nor provided plaintiff with a response to plaintiff's document request. Defendant offered no explanation why he could not produce the requested documents and appear for his deposition before the deadline passed. In short, by his conduct, defendant had seemingly expressed an intention not to defend this action.

These facts all weighed in favor of the Court granting plaintiff's second motion for terminating sanctions. However, rather than impose sanctions, the Court denied the Second Motion to Strike and granted defendant yet one more chance to comply with his discovery obligations. To lessen defendant's cost to answer plaintiff's discovery demands and appear for his deposition, the Court directed that the deposition take place near defendant's Florida residence. The Court cautioned in its July 9 Memorandum Decision that defendant's failure to attend his noticed deposition in Florida or to respond to plaintiff's First Request for Production of Documents will likely result in yet a third motion by plaintiff asking that terminating sanctions be imposed under Fed. R. Civ. P. 37(b)(2).

Accordingly, the Court entered a Modified Discovery Order on July 9, 2015 (the "July 9 Order") [Dkt. No. 36], directing defendant to respond to plaintiff's First Request for Production of Documents by no later than August 7, 2015 and to appear for his deposition

by no later than September 4, 2015. The deposition was to take place at a mutually agreed upon location in or near Tampa, Florida, but no more than 50 miles from defendant's Florida residence. The July 9 Order warned defendant that if he failed to comply with the Court's directive, plaintiff may apply to the Court to strike his answer and enter a default judgment revoking defendant's discharge pursuant to Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(iii) and (vi). On July 10, 2015, plaintiff served a Notice of Entry of the July 9 Order upon defendant at his Florida residence. [Dkt. No. 37-1].

On July 20, 2015, plaintiff sent defendant a letter[2] seeking to conduct the deposition via skype, video conference or by telephone. [Dkt. No. 38]. In the letter, plaintiff informed defendant that he located several video conference facilities close to defendant's residence that would provide the necessary video connection. Defendant did not contact plaintiff nor did he respond to the July 20, 2015 letter.

By letter dated August 3, 2015[3] [Dkt. No. 39], plaintiff again requested that defendant contact him to schedule the deposition and noted the consequences pursuant to the Court's July 9 Memorandum Decision should defendant fail to comply with his discovery obligations. Consistent with his behavior throughout the discovery process and this adversary proceeding, defendant did not respond to the August 3, 2015 letter. The dates set forth in the July 9 Order by which defendant was directed to comply with his discovery obligations have long since passed, and defendant remains unresponsive.

---

[2] The July 20, 2015 letter was addressed to defendant at 3735 Teeside Drive, New Port Richey FL 34655, and was sent via overnight mail, certified mail and first class mail. Included with the letter were copies of (i) the Order denying the Second Motion to Strike, (ii) the July 9 Order, (iii) the July 9 Memorandum Decision and (iv) plaintiff's First Request for Production of Documents. There is no evidence that the letter was returned as undeliverable.

[3] The August 3, 2015 letter was addressed to defendant at 3735 Teeside Drive, New Port Richey FL 34655, and was sent via overnight mail, certified mail and first class mail. Included with the letter was a copy of plaintiff's July 20, 2015 letter. There is no evidence that the August 3, 2015 letter was returned as undeliverable.

Plaintiff filed this third motion pursuant to Fed. R. Civ. P. 37(d)(3) and 37(b)(2) for an order striking defendant's answer due to his failure to comply with the Court's December 23 Order and July 9 Order and directing entry of a judgment of default revoking defendant's discharge. The Motion was served upon defendant on September 8, 2015 and again on September 21, 2015. [Dkt. Nos. 40-9 and 42].[4] Defendant did not file a response to the Motion and did not appear at the hearing on the Motion, which was held on November 12, 2015. At the conclusion of the hearing, the Court granted the Motion. This Memorandum Decision and Order memorializes and is consistent with the Court's ruling at the November 12, 2015 hearing.

### IV.     **Applicable Legal Standards**

Rule 37(b) of the Federal Rules of Civil Procedure allows a court to impose sanctions against a party who "fails to obey an order to provide or permit discovery under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). Sanctions range in severity and include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

The court has "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002). Factors considered by the court in exercising its discretion to impose sanctions under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance*." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting

---

[4] The Motion was served by first class mail upon defendant on September 8, 2015 at 3735 Teeside Drive, New Port Richey FL 34655 and on September 21, 2015 at 9991 Eagles Point Circle, Apt. 1, Port Richey, FL 34668. There is no evidence that the Motion was returned as undeliverable at either address.

8

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (internal quotation marks omitted). *See also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). Instead of or in addition to imposing sanctions under Rule 37(b)(2)(A)(i)-(vii), the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### V.    Discussion

In his Motion, plaintiff seeks (i) a finding that defendant violated the Court's December 23 Order and July 9 Order by failing to produce documents and appear for a deposition and (ii) an order striking defendant's answer and rendering a default judgment against him. To determine the merits of the Motion, the Court must answer two questions (1) whether defendant failed to obey the December 23 Order and the July 9 Order; and (2) if so, are plaintiff's requested sanctions appropriate? The Court addresses each question in turn.

#### 1. Did Defendant Fail to Obey the December 23 Order and the July 9 Order?

The December 23 Order and the July 9 Order required defendant to respond to plaintiff's First Request for Production of Documents by a date certain and appear for a scheduled deposition. It is undisputed that defendant failed to comply with the Court's directive, and he plainly violated the discovery deadlines imposed by the Court. To date, defendant has offered no explanation for his repeated failure to fulfill his discovery obligations and remains unresponsive. In the December 23 Order, the July 9 Memorandum Decision, and the July 9 Order, the Court warned defendant that if he failed to comply, the Court would consider plaintiff's request to impose sanctions, including striking defendant's answer and entering a default judgment revoking his discharge.

Despite several warnings, defendant continued to disregard the discovery process and disobey the Court's Orders. Given that "compliance with discovery orders . . . is necessary to the integrity of our judicial process . . . part[ies] who flout[ ] such orders do so at [their] peril." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). Although defendant is appearing *pro se* in this adversary proceeding, that does not excuse him from meeting his discovery obligations. "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988); *see Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir. 1997) (while *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests).

Because the record is clear that defendant violated the December 23 Order and the July 9 Order, sanctions are warranted. Having concluded that sanctions are warranted, the Court must now decide what sanctions to impose.

**2. What is the Appropriate Sanction for Violating the Court's December 23 Order and July 9 Order?**

Plaintiff requests that the Court strike defendant's answer and enter a default judgment against him for failing to comply with his discovery obligations and violation of the December 23 Order and the July 9 Order. The relief sought by plaintiff is a severe sanction that should be granted only sparingly. *See World Wide Polymers, Inc.*, 694 F. 3d at 159; *Geltzer v. Giacchetto (In re Cassandra Grp.),* No. 02-2549, 2006 WL 897821, *3 (Bankr. S.D.N.Y. Mar. 30, 2006). Although dispositive relief is a severe sanction, where there is a "continuing saga of dilatory conduct," striking the pleadings and entering default judgment

under Fed. R. Civ. P. 37(b) are appropriate. *See U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983). "[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Within this framework, the Court now considers whether terminating sanctions under Fed. R. Civ. P 37(b), i.e., striking defendants' answer and entering default judgment revoking his discharge, as requested by plaintiff, are appropriate, or will a less drastic sanction, i.e., imposition of fees and costs or a further order to compel discovery responses, be sufficient? Answering this question requires the Court to consider the *Agiwal* factors noted above, *see supra* IV. These factors are addressed below.

### A. Willfulness of the Noncompliant Party or the Reason for Noncompliance

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *In re Fosamax Prods. Liab. Litig.,* No. 06 MD 1789 (JFK), 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013) (citation omitted); *see also Naguib v. Pub. Health Sols.,* No. 12 CV 2561 (ENV) (LB), 2014 WL 3695946, at *4 (E.D.N.Y. June 16, 2014) *report and recommendation adopted*, No. 12-CV-2561 (ENV) (LB), 2014 WL 3695965 (E.D.N.Y. July 24, 2014), *appeal dismissed* (Nov. 5 2014) ("Noncompliance is willful where the party has received notice of the Court's orders and repeatedly fails to comply.").

The plain language of the December 23 Order and the July 9 Order required defendant to respond to plaintiff's document request and appear for a deposition. He did neither. The record is clear that defendant violated the Court's discovery Orders. It is equally clear that defendant's conduct was well within his own control. The December 23 Order and the July 9 Order, which were mailed to defendant, informed him that should he fail to comply with the Court's directive, the Court would consider striking his answer and entering default judgment against him as requested by plaintiff. Yet, despite repeated opportunity to do so, defendant has neither acknowledged nor addressed his failure to respond to plaintiff's discovery requests or his violation of the Court's discovery Orders.

Moreover, defendant did not respond to the Motion or to plaintiff's two prior motions seeking discovery sanctions under Fed. R. Civ. P. 37(b). He failed to appear at the hearing on the Motion and did not appear at two previous hearings at which the Court considered plaintiff's earlier requests for sanctions. He did not contact the Court to give a reason for his failure to respond or his absence at the hearings. From this inaction, the Court can only infer that defendant is indifferent to his discovery obligations, does not wish to defend this adversary proceeding, and is responsible for his failure to obey the Orders of this Court.

Accordingly, the Court finds that defendant's failure to comply with the December 23 Order and the July 9 Order in the face of repeated warnings of the consequences of non-compliance is willful. *See Battiste-Downie v. Covenant House,* 471 F. App'x 78, 79 (2d Cir. 2012) (summary order) (willfulness found where plaintiff "repeatedly defied discovery orders, despite the District Court's explicit instructions on several occasions that she was to respond to specific discovery demands propounded by defendant or face sanctions"); *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad

faith or fault.") (internal quotations and citations omitted).  This factor weighs strongly in favor of a severe sanction.

### B. Efficacy of Lesser Sanctions

As to the second factor, the availability of a less drastic sanction, "a court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Silva v. Cofresi*, No. 13 Civ. 3200 (CM) (JCF), 2014 WL 3809095, at *3 (S.D.N.Y. Aug. 1, 2014).  Even so, a "court is 'not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record.'" *Shcherbakovskiy v. Seitz,* 450 F. App'x 87, 88 (2d Cir. 2011) (summary order) (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)); *see also Battiste-Downie,* 471 F. App'x at 79 ("[T]he efficacy of lesser sanctions to correct such behavior is doubtful, given that Battiste-Downie refused to respond to the discovery demands even after being ordered repeatedly by the District Court to do so.").

The Court has considered the effectiveness of lesser sanctions.  In the Court's view, no less drastic alternative than a terminating sanction will suffice.  Despite being afforded ample opportunity to comply with his discovery obligations, and despite the warning that a failure to comply may result in the harsh sanction of a default judgment revoking his discharge, defendant failed to comply with the Court's Orders and has not provided any explanation for his failure to do so.  He has offered no evidence to show that his actions were in good faith or otherwise justified.  Defendant's persistent disregard of his discovery obligations and violation of the Court's Orders indicate that a lesser sanction will be ineffectual.

Thus, this factor also weighs strongly in favor of a severe sanction.

### C. The Duration of the Period of Noncompliance

As to the third factor, the duration of the period of noncompliance, courts have found noncompliance for more than several months sufficient to call for terminating sanctions. *See, e.g., Phelan v. Cambell*, 507 F. App'x 14, 16 (2d Cir. 2013) (dismissal after seven months); *Battiste-Downie,* 471 F. App'x at 79 (dismissal after year of noncompliance); *Agiwal,* 555 F.3d at 303 (dismissal after six months); *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (dismissal after three months); *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (dismissal after seven months).

Here, after plaintiff filed his First Motion to Strike, the Court issued the December 23 Order directing defendant to produce documents and appear for his deposition. He did not respond. Plaintiff then moved a second time to strike defendant's answer and enter default judgment. Rather than impose sanctions for his violation of the December 23 Order, the Court issued the July 9 Order granting defendant yet another opportunity to fulfill his discovery obligations. In the July 9 Order, the Court directed defendant to respond to plaintiff's document request by August 7, 2014 and appear for a deposition within close proximity to his residence by no later than September 4, 2015. Again he did not respond. Deadlines have to matter. Defendant's failure to obey the July 9 Order prompted plaintiff to file the Motion under Fed. R. Civ. P. 37(b) to strike defendant's answer and enter default judgment. This is the third time the Court is considering plaintiff's request for terminating sanctions. In each instance, defendant did not file opposition to the request for sanctions or appear at the scheduled hearing to offer any reason for his noncompliance.

In view of plaintiff's and the Court's efforts to obtain defendant's compliance with his discovery obligations for more than ten months the Court finds, as to this factor, that a severe sanction is warranted.[5]

## D. Whether the Noncompliant Party Had Been Warned of the Consequences of Noncompliance

As to the fourth factor, "severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from the continued non-compliance and has nevertheless refused to comply." *Urbont v. Sony Music Entm't*, No. 11 Civ. 4516 (NRB), 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014); *see also, e.g., Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 6-7 (2d Cir. 2013) (summary order), *cert. denied*, 134 S.Ct. 1036 (2014) (dismissal appropriate where district court twice warned dismissal would follow from non-appearance at deposition); *Murray v. Mitsubishi Motors of N. Am., Inc.*, 462 F. App'x 88, 90 (2d Cir. 2012) (summary order) (dismissal appropriate where plaintiff "continued to ignore the court's orders despite the court's warning on February 10, 2010 that further noncompliance could result in dismissal of the action").

Here, defendant was sufficiently warned of the consequences for his failure to respond to plaintiff's discovery requests and violation of the Court's Orders. Since plaintiff first moved to strike defendant's answer and enter default judgment in October 2014, defendant received three separate warnings from this Court that terminating sanctions may be imposed for his noncompliance. First, the December 23 Order warned that "in the event that [defendant] fails to comply with the directions set forth [in the Order], the

---

[5] Although the Court calculated defendant's period of noncompliance from entry of the December 23, 2014 Order through the November 12, 2015 hearing date on plaintiff's Motion, the Court notes that defendant's failure to comply with discovery requests and Orders of this Court spans from entry of the Court's scheduling order, dated June 19, 2014, which set deadlines for the completion of all discovery. To date, more than 21 months after entry of the scheduling order, defendant remains unresponsive.

[plaintiff] may apply to the Court to strike [defendant's] [a]nswer and enter judgment revoking [defendant's] discharge and may seek other relief." Second, in its July 9 Memorandum Decision denying plaintiff's Second Motion to Strike the Court likewise warned defendant that failure to fulfill his discovery obligations would cause plaintiff to once more seek terminating sanctions. Finally, in the July 9 Order, the Court again warned defendant of the consequences of noncompliance, i.e., "if [d]efendant fails to comply with this Order, the [plaintiff] may apply to strike the [a]nswer and enter a default judgment revoking [d]efendant's discharge . . . ." The record reflects that defendant was served with a copy of the December 23 Order, the July 9 Memorandum Decision and the July 9 Order. The record also reflects that defendant was served with a copy of each of the three motions filed by plaintiff seeking terminating sanctions in the form of striking defendant's answer and entering default judgment against him revoking his discharge. As noted earlier, defendant did not oppose the relief requested by plaintiff.

Thus, this factor likewise weighs in favor of a severe sanction.

### E. Balancing of Factors

In considering the above, it is clear to the Court that only terminating sanctions are appropriate. No other remedy is adequate. Each of the *Agiwal* factors weighs in favor of striking defendant's answer and entering default judgment revoking his discharge. Defendant violated the December 23 Order and the July 9 Order and failed to provide any response whatsoever to plaintiff's discovery requests despite several warnings from the Court of sanctions for noncompliance. Accordingly, defendant's answer shall be stricken and default judgment entered against him. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

In addition to imposing sanctions under Rule 37(b)(2)(A)(i)-(vii), when a party fails to obey a discovery order, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court declines to impose an additional sanction of costs and fees upon defendant. The record shows that defendant has financial limitations and is on disability. Under these circumstances and in light of the severe sanction imposed, the Court finds that an award of expenses unjust. *See Passe v. City of New York,* No. CV 02-6494 (ERK) (MDG), 2009 WL 290464, at *16 (E.D.N.Y. Jan. 5, 2009) *subsequently aff'd sub nom. Passe v. New York City Dep't of Corr.*, 377 F. App'x 106 (2d Cir. 2010) (recommending dismissal of the action under Rule 37 and declining to recommend defendant's request for costs associated with two depositions at which plaintiff failed to appear because plaintiff was a single parent and dismissal was already a severe sanction); *see also Samonte v. Wanat,* No. 13-CV-226 (MKB), 2014 WL 1817605, at *7-8 (E.D.N.Y. May 6, 2014) (declining to grant defendant's request for further "unspecified sanctions as the Court deems appropriate" where the court dismissed the action under Fed. R. Civ. P. 41(b) and 37(b)(2)(A) and explaining that additional sanctions against the *pro se* plaintiffs were unnecessary because dismissal was a harsh remedy).

**VI.     Conclusion**

For the foregoing reasons, the Motion for terminating sanctions under Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi) is granted.  Defendant's answer is hereby stricken, and a separate default judgment revoking defendant's discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A) will be issued concurrent with this Memorandum Decision and Order.

So Ordered.



**Dated: March 24, 2016**                                                    **Louis A. Scarcella**
      **Central Islip, New York**                                          **United States Bankruptcy Judge**